IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Esther Foster, ) | |
| ) | Civil Action No.7:07-124-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| Renfro Corporation, ) | **ORDER AND REPORT AND** |
| ) | **RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the defendant's motion to dismiss pursuant to

Federal Rule of Civil Procedure 41(b) [Doc. 59]; the defendant's motion to stay [Doc. 75];

and the plaintiff's motion for extension of time [Doc. 62]. Shortly after the defendant filed

its motion to dismiss, the plaintiff filed a notice of interlocutory appeal to the Fourth Circuit

Court of Appeals concerning the Court's May 2, 2007 Order. [Doc. 63.] That appeal was

recently dismissed for a failure to prosecute. [Doc. 84.] By two separate orders, pursuant

to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff has been advised of the

dismissal procedure and the possible consequences if she failed to adequately respond to

the defendant's motion to dismiss. [Docs. 60, 86.] The time for the plaintiff's response

under the Court's most recent *Roseboro* order has not yet expired. [See Doc. 86

(December 24, 2007, deadline).] But, the Court believes that the issues are ripe for

consideration.

The defendant reasonably requests dismissal of this case for the plaintiff's repeated

failure to produce discovery as ordered by the Court in this case. As the defendant details

in its motion, the plaintiff has failed to comply with *four* Orders of the Court to (1) file her

Rule 26(f) Report; (2) file her Rule 26.01 Responses; (3) serve her Rule 26(a)(1) initial disclosures; and (4) serve her written discovery of the defendant. [Docs. 22, 26, 39, 51.]

Notwithstanding, the Court believes that there are reasons to give the plaintiff one last clear chance to conform her participation in this case to the mandates of the rules of civil procedure and this Court's authority.  First, the plaintiff is *pro se,* and the Court will not lightly terminate the plaintiff's rights in whatever colorable claim she may have against the defendant, if any.  Second, the plaintiff has long contested the propriety of the removal of this action to federal court.  To that end, the plaintiff filed a motion to remand, April 10, 2007, and has been ostensibly litigating that issue until such time as her interlocutory appeal was dismissed, November 8, 2007.[1]  Although no excuse for her noncompliance, any challenge to the jurisdiction of this Court certainly disincentivizes her motivation to participate in discovery.  Finally, the plaintiff has produced some evidence that she has had health problems, which have interfered with her ability to prosecute her case. [Doc. 62, Attach. 1.]

While these considerations will forestall dismissal of the case for the moment, they in no way excuse the plaintiff's delinquency.  The plaintiff should understand clearly that she is in violation of four Orders of this Court which are effective against her.  Her nonparticipation is a serious matter.  It has resulted in substantial expense to both the defendant and the Court.  In at least two of the Court's previous Orders, the plaintiff has been specifically warned that a failure to comply could result in sanctions, including monetary penalties and dismissal of her claims.  [Doc. 22, 39.]

---

[1]  Of course, symptomatic of the plaintiff's efforts, her interlocutory appeal was dismissed for a failure to prosecute.  [See Doc. 84.]

The Court now issues its final warning.   The plaintiff has through December 20, 2007, to file and/or serve the following discovery:

(1) file her Fed. R. Civ. P. 26(f) Report;

(2) file her DSC Local Rule 26.01 Responses;

(3) serve her Fed. R. Civ. P. 26(a)(1) initial disclosures; and

(4) serve her responses to written discovery of the defendant

If the plaintiff fails to comply, however, **this case will be dismissed with prejudice**.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 59] be DENIED.  It is ORDERED that the plaintiff shall file and/or serve the discovery itemized in this Order, by December 20, 2007.  If she fails to do so, the case **will be dismissed**.  It is further ORDERED that the plaintiff's motion for extension of time [Doc. 62] is GRANTED, insofar as she has already been afforded substantial time to produce the necessary discovery and to the extent she has now been given additional time, through December 20, 2007, to do so.  It is additionally ORDERED that the defendant's motion to stay [Doc. 75] is MOOTED.

IT IS SO ORDERED AND RECOMMENDED.

s/Bruce H.  Hendricks
United States Magistrate Judge

November 29, 2007
Greenville, South Carolina

**The parties' attention is directed to the important notice on the next page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).