IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Esther Foster,       )<br>                              )<br>            Plaintiff,   )<br>                              )<br>    vs.                     )<br>                              )<br>                              )<br>Renfro Corporation,   )<br>                              )<br>            Defendant.  )<br>                              ) | Civil Action No.7:07-124-HFF-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

On November 29, 2007, the Court recommended denying the defendant's motion to dismiss for failure to prosecute and ordered that the plaintiff, who is proceeding *pro se*, should have one last opportunity to comply with *four* prior Orders of the Court to (1) file her Rule 26(f) Report; (2) file her Rule 26.01 Responses; (3) serve her Rule 26(a)(1) initial disclosures; and (4) serve her written discovery of the defendant, [Docs. 22, 26, 39, 51]. [Doc. 88.] In at least two of the Court's previous Orders, the plaintiff had been specifically warned that a failure to comply could result in sanctions, including monetary penalties and dismissal of her claims. [Doc. 22, 39.]

In its November 29 Order, the Court stated emphatically that the plaintiff's case would be dismissed with prejudice if she did not participate in discovery as required, by December 20, 2007. Instead of complying with the demands of that Order, the plaintiff filed a document that advances the same complaints, which she has recycled throughout this case – that jurisdiction is not proper and that the defendant has not been fair to her. [Doc. 92.] The plaintiff's difficulties in this case are all her own.

This Court has meticulously explained to the plaintiff the propriety of the removal of this case from state to federal court. [See Doc. 79.] Specifically, the plaintiff's own state

court complaint was one for discrimination and expressly averred the following grounds establishing federal jurisdiction:

> Jurisdiction of this court is based on Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1331.
>
> A. 28 U.S.C. § 1331, in that this complaint or action presents a Federal question, or;
>
> B.  Jurisdiction of this Court is invoked under U.S.C.: 1332, in that Plaintiff is a resident of South Carolina, and upon belief of plaintiff, Defendant is a resident of North Carolina, the matter in controversy exceeds the Sum or value of $75,000 exclusive of interest and cost, and;
>
> C.  Jurisdiction of this court is invoked under 28 U.S.C. § 2201 and § 2202 for declaratory and injunctive relief.

[Doc. 1 (State Ct. Compl. at 2).]   Accordingly, by the plaintiff's own admission and the defendant's concurrence, there are various bases for removal to this Court, including diversity of citizenship among the parties [see also Doc. 1 (Notice of Removal at 1)]  and the ostensible existence of a federal question regarding discrimination.

Notwithstanding such explanation and clear jurisdictional bases, the plaintiff has elected, in response to the Court's most recent demand, to again complain concerning jurisdiction instead of filing and serving the required discovery.  [Doc. 92.] The plaintiff has willfully ignored the many Orders of this Court.  Her professed ignorance of the law is no disability whatsoever to simple, good-faith compliance.

The Court has inherent authority to control litigation before it.  *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).  That authority "includes the power to order dismissal of an action for failure to comply with court orders."  *Id*.; Fed. R. Civ. P. 41(b).  In this case, the plaintiff has refused to comply with no less than *five* orders.  It is chronic obstinance and expense that the Court will no longer suffer.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the case be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                      s/Bruce H. Hendricks
                                      United States Magistrate Judge

December 20, 2007
Greenville, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).